The opinion of the court was delivered by
Spencer, J.
Plaintiff as assignee and trustee of the insolvent firm of Mallalieu & Co., of London, sues Case, Beceivér of the Crescent City National Bank, and Arthur Ciasen & Weiting, to have said firm of Mal: lalieu & Co. declared owners of a certain bill of exchange drawn by said Bank on Lizardi & Co.,- of London, for £1500. The plaintiff also demands judgment against the Bank for said sum.
Defendants Ciasen & Weiting excepted to plaintiff’s right to stand in judgment for Mallalieu & Co. This exception was referred to the merits. The answer is in effect a general denial of any right in plaintiff to the bill in question. There was judgment for -plaintiff, as claimed, and Ciasen & Weiting appeal.
There is no dispute about the facts. Mallalieu & Co. were, at the maturity of the bill, its owners, and it was protested for them as holders. They sent it, some time after protest, through Horstendahl & Co., of London, to Godfrey Borst, of New Orleans, to collect from the defendant bank, which in the mean time had suspended; Borst after a fruitless effort returned it to Horstendahl & Co., who passed it off, and it finally came into the hands of Clasen & Weiting, who do not allege or show how or for what consideration or from whom they took it. "The evidence is conclusive'that Mallalieu & Co. never parted with their ownership or authorized any one to transfer it for them.
*216 Two questions are presented for our decision :
First — Has Henderson a right to sue ? and,
Second — Does the purchaser of a dishonored note or bill from one not owner nor authorized to sell acquire a good title as against the true owner ?
The first question we think must be answered in the affirmative. Mallalieu & Co. becoming insolvent made in the Bankruptcy Court of London a composition with their creditors, and thereupon assigned all their assets of every kind, by special act, to Henderson, with power to collect for benefit of themselves and their creditors. This was in effect making Henderson the agent of Mallalieu & Co. We have held that under our bankrupt law when a composition is made with creditors the debtor may, in the absence of stipulations to the contrary, sue for and collects his assets. Bayly & Pond vs. Stacey & Poland, 30 An. 1210.
If so, he may collect through an agent, and the mandate will be presumed to continue until the contrary is shown. We do not see that the mandate in this case is limited in the way defendants’ counsel contends.
Second. The second question must, we think, be answered in the negative. It is no longer an open question that the bona fide holder, for value and before maturity, of a negotiable note, or bill, indorsed in blank, will acquire a good title thereto against the true owner, though acquired from one without right therein. But this doctrine derives itself from the commercial law, and must be restricted to strictly commercial paper. After a bill or note is dishonored and past maturity it ceases to possess those extraordinary qualities with which the necessities of commerce have clothed it. It becomes then a mere chose in action, or ordinary obligation for the payment of money. It may be transferred by delivery, provided that the transferrer have right to do so. After dishonor it falls under the dominion of that fundamental rule of property, that “ the sale of the thing of another is void.” C. C.
This doctrine is fully recognized and maintained by the Supreme Court of the United States in Foley vs. Smith, 6 Wall. 493. That was a case almost identical with this, Mrs. Smith holding several notes of McHatten, indorsed in blank, and delivering one of them for $15,000 to the Bank of Kentucky for collection. The Bank of Kentucky forwarded the note to the Citizens’ Bank, at New Orleans, where it was protested. Subsequently, McKnight, the agent of the Bank of Kentucky, withdrew it from the Citizens’ Bank and sold it by authentic act to Foley & Co. The court held that Foley & Co., having acquired after maturity, got no better title than their vendor, the Bank of Kentucky, had, and that the Bank had no title, and could transfer none. The court say truly that had the Bank transferred the note before nia *217 turity the title would have been good against Mrs. Smith. Any other doctrine than here announced abrogates all distinction between negotiable paper taken before and after maturity. The same doctrine is announced and adhered to by that court in “ Texas vs. White,” 7 Wall. p. 700. We find nothing to the contrary in the late case of “ Bank vs. Texas,” 20 Wall. p. 88.
These views were expressed by this court in “ Bird vs. Cockrem,” 28 An. 70, where it was held that after the maturity of the notes a pledge of them without the knowledge or consent of the owner was invalid as to him.
We do not think that the authorities cited by defendant to the effect that “ no collateral equities can affect an assignee of commercial paper transferred after maturity” can be applied to the case where there is a total want of right in the transferrer.
At all events, and however this may be, we' prefer to follow the line of authority which protects the owner of dishonored paper in such cases, as being more in consonance with our own Code, and, as we believe, in nowise conflicting with the interests of commerce.
The judgment appealed from is therefore affirmed with costs.
Mr. Justice White takes no part in this decision.